103 F.3d 117
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Karl DAVID; John David, Plaintiffs--Appellants,
v.
Kenneth G. Mosley, in his personal capacity; Taylor V.
Blanton, in his personal capacity, Defendants--Appellees,
and
John Does, I-III, unknown special agents of the Bureau of
Alcohol, Tobacco and Firearms, in their personal capacities;
Scot Moser, in his personal capacity; B.J. Cropper, in his
personal capacity; Caroline County; Sheriff of Caroline
County, Defendants.
 No. 96-1299.
 United States Court of Appeals, Fourth Circuit.
 Argued: October 31, 1996
Decided: November 26, 1996
 
 ARGUED: Richard E. Gardiner, Fairfax, Virginia, for Appellants. Robert William Jaspen, Assistant United States Attorney, Richmond, Virginia; Francis Walter Pedrotty, III, Assistant Attorney General, Richmond, Virginia, for Appellees. ON BRIEF: Helen F. Fahey, United States Attorney, Richmond, Virginia; James S. Gilmore, III, Attorney General, Grace DiLiberto, Richmond, Virginia, for Appellees.
 Before WILLIAMS, MICHAEL, and MOTZ, Circuit Judges.
 PER CURIAM:
 
 
 1
 Karl David and John David appeal from the district court's entry of summary judgment against them on their Bivens* claim against Kenneth G. Mosley, a Special Agent with the Bureau of Alcohol, Tobacco and Firearms (BATF), and their § 1983 claim against Taylor V. Blanton, a Virginia State Police Officer on assignment to BATF. Karl David was a federally licensed firearms dealer who ran his business out of the home he occupied with his son, John David. Based on information that Karl David (who was under indictment in Virginia for embezzlement) was receiving firearms shipments in violation of 18 U.S.C. § 922(n) and that Karl David had falsely denied on a BATF license renewal form, in violation of 18 U.S.C. § 924(a)(1)(A), that he was under indictment for a crime punishable by a prison term exceeding one year, Agent Mosley obtained, and executed with the assistance of Officer Blanton, a search warrant for the home of Karl and John David. In their complaint the Davids claimed that the warrant was obtained and executed without probable cause and that the search exceeded the scope of the warrant. The district court rejected their claims, granting summary judgment to the officers. The Davids' appeal is now before us for decision.
 
 
 2
 After considering the joint appendix, the briefs and the arguments of counsel, we affirm for the reasons stated in the district court's thorough opinion. See David v. Mosley, 915 F.Supp. 776 (E.D.Va.1996).
 
 AFFIRMED
 
 
 *
 Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971)